IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In Re:       Sila M Estevez

          Case No:   16-16003-AJC
          Chapter 7

    Debtor.
_____/

**MOTION TO VACATE ORDER [ECF#36] GRANTING MOTION TO EXTEND TIME TO FILE SECTION 523 COMPLAINT OBJECTING TO DISCHARGEABILITY OF DEBTOR AND GRANTING MOTION TO EXTEND TIME TO FILE SECTION 727 COMPLAINT OBJECTING TO DISCHARGE OF DEBTOR(S) DEADLINE EXTENDED TO 10/1/2016 *AND* AMENDED ORDER [ECF#38] GRANTING MOTION TO EXTEND TIME TO FILE SECTION 523 COMPLAINT OBJECTING TO DISCHARGEABILITY OF DEBTOR AND GRANTING MOTION TO EXTEND TIME TO FILE SECTION 727 COMPLAINT OBJECTING TO DISCHARGE OF DEBTOR(S) DEADLINE EXTENDED TO 10/10/2016**

**COMES NOW,** the Debtor, Sila M Estevez, by and through undersigned counsel, and files this Motion to Vacate Order [ECF#36] Granting Motion to Extend Time to File Section 523 Complaint Objecting to Dischargeability of Debtor And Granting Motion to Extend Time to File Section 727 Complaint Objecting to Discharge of Debtor(s) *Deadline Extended to 10/1/2016* **and** Amended Order [ECF#38] Granting Motion to Extend Time to File Section 523 Complaint Objecting to Dischargeability of Debtor And Granting Motion to Extend Time to File Section 727 Complaint Objecting to Discharge of Debtor(s) *Deadline Extended to 10/10/2016* and in support thereof would state as follows:

**FACTS**

1. Debtor filed for bankruptcy relief on April 26, 2016 and the clerk set the Objections to Discharge/Dischargeability Deadlines for August 1, 2016.
2. On July 26, 2016, Creditor E&Y Assets, LLC (herein "Creditor"), filed a Notice of Taking Rule 2004 Examination Duces Tecum on August 10, 2016.
3. On August 1, 2016, the Creditor filed a First Motion[1] [ECF#25] to Extend Time to File Section 523 Complaint Objecting to Dischargeability of a Debt and a Motion to Extend

---

[1] In the First Motion, the Creditor specifically requests an extension from August 1, 2016 for "30 days, or until August 31, 2016. . . ."

    Time to File Section 727 Complaint Objecting to Discharge of Debtor[2] and Creditor requested consent via email for a 30 day extension on said deadlines.

4. On August 5, 2016, Associate Attorney Jose A. Blanco consented to the above email. (See Exhibit "A" – August 1st Initial Email Request to Extend).

5. Thirty (30) days from August 1, 2016 is August 31, 2016.

6. On August 9, 2016, the day before the 2004 Examination, the Creditor canceled the 2004 Examination "due to chapter 11 deadlines." (See Exhibit "B" – Email canceling the 2004 Exam). Said 2004 Examination has not been reset as of the time of the filing of the instant Motion.

7. On August 11, 2016, the Court entered a First Agreed Order [ECF#31] Granting Motion to Extend both deadlines in which Creditor was granted an extension of thirty (30) days to file their complaint.

8. Similarly, the Chapter 7 Trustee entered an Agreed Motion to Extend Deadline on the 727 action on August 1, 2016 [ECF#28] and the Agreed Order [ECF#29] was entered on August 3, 2016, which extended the 727 deadline for 30 days to August 31, 2016.

9. On August 30, 2016, Attorney Blanco went on parental leave.

10. On September 9, 2016, Creditor emailed Attorney Blanco and Secretary Sarah Sanchez requesting a second extension of deadlines for thirty (30) days. Ms. Sanchez, relying on the assumption that the request was timely, agreed to the relief sought in the email. (See Exhibit "C" – September 9th Second Email Request to Extend).

11. On September 9, 2016 the Second Motion to Extend Deadlines [ECF#35] was filed.

12. On September 13, 2016, a Second Order Granting the Motion to Extend Deadlines to October 1, 2016 [ECF#36] was uploaded.

13. On the same date, an Amended Second Order Granting the Motion to Extend Deadlines [ECF#38] amended the previous Order extending deadlines to October 10, 2016.

14. No explanation was provided as to why the date stated in the Second Order was changed.

---

[2] For brevity, the Motion to Extend Time to File Section 523 Complaint Objecting to Dischargeability of a Debt and Motion to Extend Time to File Section 727 Complaint Objecting to Discharge of Debtor will be referred to as extension of deadlines. Similarly, the deadlines stated herein, refer to both Time to File Section 523 Complaint Objecting to Dischargeability of a Debt and Time to File Section 727 Complaint Objecting to Discharge of Debtor.

2

**DISCUSSION**

15. At issue is whether a Creditor who obtains consent by requesting an extension to the deadlines on 523 and 727 actions through a material omission, can extend said deadlines after the strict deadlines have expired where the Creditor is not actively pursuing any 523 or 727 actions.

16. The undersigned proposes that two Second Extension Orders should be vacated because the deadline to file an extension expired prior to the filing of the Second Motion and Second Orders, consent was obtained by a material omission from Creditor's Counsel, under Fed. R. Bankr. P. 4004(b) and 4007(c) strict deadlines exist without any consideration of any excusable neglect, and Creditor has not taken action to necessitate any argument for non-dischargeability in the case.

**Consent Voided as it was Obtained by a Material Omission**

17. The undersigned motions that the September 9th Second Email Request to Extend contained a material omission when the email requested an extension on deadlines when the deadlines had already expired and there was no mention of the deadlines having expired.

18. Therefore, the email impliedly and materially misrepresented that the deadlines had not expired by requesting an extension.

19. The Creditor should have been truthful in stating that they had missed the time to file the extension of deadlines and should have requested an enlargement after stating that fact, but in that case, the undersigned would not have agreed.

20. Instead, Creditor chose to extend the deadline that was already expired without disclosing said expiration of deadlines to the undersigned's secretary at a time when Attorney Blanco was out on leave.

21. As a comparison, the Chapter 7 Trustee correctly entered an Agreed Motion to Extend the 727 Deadline [ECF#28] on August 1, 2016 and the Agreed Order [ECF#29] was entered on August 3, 2016, which specifically stated that the 727 deadline was extended for 30 days to August 31, 2016. Just because an order was entered on a later date does not mean that it is extended thirty (30) days from the entry date, but thirty (30) days from the date of the original deadline, as it was requested in its Initial Motion [ECF#25]. Much to its own doing, the Creditor failed to list a date certain on the Initial Order Extending Deadlines [ECF#31].

22. It is also important to note that the Amended Second Order [ECF#38] was uploaded without approval or notification of the undersigned. There has been no explanation as to why the Second Order was amended. The Second Order [ECF#36] should be scrutinized to imply that the Creditor knew that deadlines expired on August 31, 2016 since they specifically stated 30 days from said date is closer to October 1st.

23. This sort of behavior should not be allowed and therefore the consent given from Secretary Sanchez should be void as obtained through a material omission and the Orders should be vacated.

**Deadline to File Discharge/Nondischargeability Actions – Excusable Neglect Standard Does Not Apply**

24. The deadline to file complaints objecting to a debtor's discharge is set out in Fed. R. Bankr. P. 4004(a):

    In a chapter 7 case, a complaint, or a motion under § 727(a)(8) or (a)(9) of the Code, objecting to the debtor's discharge shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a).

    …

    At least 28 days' notice of the time so fixed shall be given to the United States trustee and all creditors as provided in Rule 2002(f) and (k) and to the trustee and the trustee's attorney.

25. Similarly, Fed. R. Bankr. P. 4007(c) sets the deadline to file complaints to determine whether certain debts are nondischargeable:

    Except as otherwise provided in subdivision (d), a complaint to determine the dischargeability of a debt under §523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under §341(a). The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided in Rule 2002. On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired.

26. Under these rules, the deadline for Creditor to file a complaint or request an extension was August 31, 2016. **Plaintiff missed this deadline by nine (9) days.**

27. The instant case is akin to the case of *Schwartz v. Weinberg (In re Weinberg)*, 197 Fed. Appx. 182, 183 (3d Cir. Pa. 2006). In *In re Weinberg*, the bankruptcy court granted the creditor's first request for an extension of time to file a 523 complaint, but denied the second extension request on the basis that the extension request was not filed by the extended deadline for filing the complaint as required by Fed. R. Bankr. P. 4007(c). *Id*. The *Weinberg* creditor attempted to use Fed R. Bankr. P. 9006(b) under an "excusable neglect" standard, but the Third Circuit Court of Appeals disagreed since that standard is inapplicable to a motion to extend the period specified under Fed. R. Bankr. P. 4007(c). *Id*. at 186.

28. Rule 9006(b)(1) starts off with "except as provided in paragraphs (2) and (3) of this subdivision". Rule 9006(b)(3) specifically excludes rules 4004(a) and 4007(c). Enlargement under these rules are available "only to the extent and under the conditions stated in those rules". After review of these particular rules, the only available enlargement of time allowable, is if a Motion to Extend the Time is filed prior to the expiration date.[3] There are no exceptions and the "excusable neglect standard" does not apply. These deadlines are "hard" deadlines that cannot be extended.

29. Judge Kimball has also similarly ruled in *In re Leonard* (2009, BC SD Fla EPK) 21 FLW Fed B 613, stating that the excusable neglect standard of Fed. R. Bankr. P. 9006 does not apply to time limitations imposed on adversary proceeding brought for denial of discharge pursuant to Fed. R. Bankr. P. 4004(a).

30. An analogous case can be found in *In re Borczyk* (2011, BC ND Ill) 458 BR 468, where the creditor was not entitled to an extension to file an objection to discharge because she neither filed a timely objection to discharge nor timely requested extension of time to file that objection as specified in Fed. R. Bankr. P. 4004(c). The *Borczyk* court stated that the equitable powers of 11 U.S.C.S. § 105 did not allow the court to grant the extension motion because the Bankruptcy Code and Rules expressed a clear limitation on the time to object to discharge.

31. In the instant case, the Creditor's deadline expired on August 31, 2016, yet the Second Extension Motion, Second Order, and Amended Second Order were entered after the time had already expired. Therefore, the Motion and Orders were entered in

---

[3] "Except as provided in subdivision (b)(2), the motion *shall be filed before the time has expired*." Fed R. Bankr. P. 4004(a) (emphasis added). "The motion *shall be filed before the time has expired*." Fed R. Bankr. P. 4007(c) (emphasis added).

contravention of the hard and strict Rules and the deadlines cannot be extended since "no discretion is left to the Court in ruling on a motion to extend under Rule 4004(b)." *In re Stallings*, 2011 Bankr. LEXIS 5195 (Bankr. N.D. Ga. Nov. 29, 2011) Citing *Coggin v. Coggin (In re Coggin)*, 30 F.3d 1443, 1451 (11th Cir. 1994).

**Vacation of Untimely Order Granting Extension of Deadlines Allowed**

32. Missing of the deadlines can lead to a harsh result and such an action allows for vacation of an order extending deadlines. An example of this can be found in *In re Van Toornburg* (2006, BC DC Puerto Rico) 2006 Bankr LEXIS 3885, where an order granting a trustee's motion to extend deadline for objecting to discharge was vacated because the trustee's motion was filed after expiration of the deadline and Fed. R. Bankr. P. 4004(b) precludes a bankruptcy court from granting late-filed motions to enlarge time to object to debtor's discharge, making no allowance for exercise of court's equitable powers under doctrine of excusable neglect.

33. In the instant case, the Second Motion and Second Orders were filed after the deadline expired. In accordance with *In re Van Toornburg*, The instant Motion calls for a vacation of both Orders Extending Deadlines because the Rules preclude a bankruptcy court from granting late-filed motions to enlarge time on the deadlines.

**Harsh Consequences of Missing Deadlines and Calculation of Time for Extension**

34. Judge Mark has also reiterated the harsh consequences of a creditor missing of the Section 523 and 727 deadlines *even where an extension was filed one day late*. In *In re Lee* (1999, BC SD Fla RAM) 238 BR 906, 34 BCD 1314, 12 FLW Fed B 375, the court held that where motion to extend deadline for filing complaint under Rules 4004 or 4007 was filed one day late, neither excusable neglect nor service of motion before the deadline could save it.

35. Other courts have held in the same fashion as Judge Mark has by holding that missing the deadline by *one hour* is not subject to further extension based on excusable neglect. *Stuart v. Mendenall (In re Mendenhall)*, 2013 Bankr. LEXIS 3069 (Bankr. N.D. Ala. July 31, 2013). *Mendenhall* is an important case to note because it stands for how to calculate extensions of time to file non-dischargeability actions. In *Mendenhall*, the court held that a creditor's complaint was untimely filed because the bankruptcy court determined that the extension for the filing of the complaint was intended to run from the date of the original deadline despite any lack of clarity in the order granting the extension. *Id*. The court went on to state, "The motion for extension did not request a

specific period of extension, but merely requested that the deadline be extended." *Id*. The court further stated that "if the creditor believed there was an ambiguity [in the extension order] it was incumbent upon the creditor to seek clarification." *Id*.

36. In the instant case, the Creditor missed its deadline by nine (9) days. Applying the holdings in *In re Lee* and *In re Mendenall* that missing the deadlines by one day and one hour, respectively, is too much, the Court should hold that missing the deadlines to extend by nine (9) days is also too much and deadlines should be held as expired to this Creditor. Furthermore, the Order Granting the Initial Request to Extend [ECF#31] did not have an expiration date stated. Applying the holding in *In re Mendenall*, the extension for the filing of the complaint was intended to run from the date of the original deadline which was thirty (30) days from August 1, 2016. This was even what was originally requested in the Initial Motion to Extend Deadlines [ECF#25] filed on August 1, 2016.[4] Thus, the filing of the Second Motion to Extend Deadlines [ECF#35] entered on September 9, 2016 and Order Granting [ECF#36] and Amended Order Granting [ECF#38] entered on September 13, 2016 were all entered after the deadlines had expired on August 31, 2016 and the Orders should be vacated as untimely.

**Disregard of Diligence in Pursuing Steps Towards 523 and 727 Actions**

37. The Eleventh Circuit has stated, "Because of the very nature and philosophy of the Bankruptcy law the exceptions to dischargeability are to be construed strictly, and the burden is on the creditor to prove the exception." *In re Hunter*, 780 F.2d 1577, 1579 (11th Cir. Fla. 1986) (Overruled as to clear and convincing evidence standard only by *Grogan v. Garner*, 498 U.S. 279, 283 (U.S. 1991)).

38. Furthermore, under Rule 4004(c)(1), "In a chapter 7 case, on expiration of the times fixed for objecting to discharge and for filing a motion to dismiss the case under Rule 1017(e), *the court shall forthwith grant the discharge*. . . ." Rule 4004(c)(1) (emphasis added). In referring to the Eleventh Circuit, Judge Mark has stated, "The Court considered the fresh start policies behind Rules 4004(b) and 4004(c), noting that upon expiration of the time to object, bankruptcy courts are required to grant a discharge

---

[4] "   3. The deadline for objections to dischargeability and/or discharge expires on **August 1, 2016**.
   4. Creditor is in need of an extension of time in which to file a complaint objecting to dischargeability of debt pursuant to 11 U.S.C. §523 and/or for objection to discharge pursuant to 11 U.S.C. § 727.
   5. **Creditor requests a thirty (30) day extension**."
INITIAL MOTION TO EXTEND TIME TO OBJECT TO DISCHARGEABILITY PURSUANT TO 11 U.S.C. §523 AND DISCHARGE PURSUANT TO 11 U.S.C. §727 [ECF#25] (emphasis added)

'forthwith.'" *In re Lee*, 238 B.R. 906, 909 (Bankr. S.D. Fla. 1999) (citing *Coggin v. Coggin (In re Coggin)*, 30 F.3d 1443, 1449 (11th Cir. Ala. 1994) Overruled in part by *Kontrick v. Ryan*, 540 U.S. 443 (U.S. 2004).

39. In *In re Chatkhan*, 455 B.R. 365 (Bankr. E.D.N.Y. 2011), the creditor failed to diligently pursue discovery or to take any steps to seek the denial of the debtor's discharge, or to seek a determination of nondischargeability with respect to his claim against the debtor, prior to the deadline to object to discharge or dischargeability. The court stated that "even in a complicated case, if a creditor fails to *diligently pursue* discovery prior to expiration of the deadline, there is no cause justifying an extension of time to object to discharge." *Id.* at 370. (emphasis added) Citing *In re Grillo*, 212 B.R. 744, 747 (Bankr. E.D.N.Y. 1997).

40. In the instant case, the Debtor still argues that the time to extend and object expired before the Second Motion and Orders Extending were entered since consent was void and the extension was entered after the deadlines expired. In this case, the bankruptcy case was filed over six months ago in April. Although the Creditor filed on July 19, 2016 a Request for Production of Documents [ECF#22], a later-filed 2004 Examination Duces Tecum Request [ECF#23] states "to bring with her at that time and place the documents set forth in the attached Duces Tecum request." [ECF#23] In said document on the fourth page in capital, bold, and underlined font stating to bring the same exact documents requested to be produced on the Request for Production of Documents [ECF#22] *are to be provided at the examination*. (emphasis added)[5]

41. Furthermore, the Creditor set the 2004 Examination for August 10, 2016, but the Creditor canceled it the day before due to other seemingly more important Creditor issues such as "chapter 11 deadlines." At the present time, the Creditor has not re-noticed the 2004 Examination even though it was stated that the Creditor would do so in the August 9, 2016 email.

42. All of the above should indicate to the Court a severe lack of diligence in pursing this Chapter 7 case and as a final argument, the Creditor should not be allowed to file an extension of deadlines based on the fact that the "burden is on the creditor to prove the

---

[5] **"DUCES TECUM REQUEST DOCUMENTS TO BE PRODUCED AT THE EXAMINATION"** Notice of Taking Rule 2004 Examination Duces Tecum [ECF#23]


exception" yet the Creditor's lack of diligence is impeding the Debtor's "forthwith" grant of discharge.

43. As this Court so stated in *In re Bello*, 2008 Bankr. LEXIS 3785 (Bankr. S.D. Fla. Nov. 25, 2008) (AJC), "Lack of diligence can be fatal to an extension of time to object to one's discharge in bankruptcy."

44. Thus, the Second Extension Orders should be vacated.

**CONCLUSION**

45. In conclusion, the undersigned moves this Court for an Order Vacating the two Second Extension Orders [ECF#36 &#38] should be vacated because the deadline to file an extension expired prior to the filing of the Second Motions and Orders, consent was obtained by a material omission from Creditor's Counsel, under Fed. R. Bankr. P. 4004(b) and 4007(c) strict deadlines exist without any consideration of any excusable neglect, and alternatively, Creditor has failed to take any action to necessitate any argument for non-dischargeability in the case.

46. This motion is made in good faith and not for the purpose of delay.

47. The undersigned's office attempted to obtain relief outside the bankruptcy court, but no agreement was reached.

**WHEREFORE,** the Debtor respectfully requests that this Court grant this Motion to Vacate the Order Granting Motion to Extend Time to File Section 523 Complaint Objecting to Dischargeability of Debtor And Granting Motion to Extend Time to File Section 727 Complaint Objecting to Discharge of Debtor(s) [ECF#36] and the Order Amending [ECF#38] and for such further relief as this Honorable court deems necessary and just.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Motion to Vacate the Orders was sent via CM/ECF to: Trustee, Jacqueline Calderin, 247 SW 8 St # 880, Miami, FL 33130 and to all creditors of record by regular mail this 29th day of September 2016.

Robert Sanchez, Esq.
355 West 49 Street
Hialeah, FL 33012
Tel. (305)-687-8008

By:   */s/ Robert Sanchez*
Robert Sanchez, Esquire
FBN#0442161

9