IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

E & Y ASSETS LLC, a Florida
Limited Liability Company,

    Plaintiff,                                  CASE NO: 502015CA012638XXXXMB

vs.

SILA ESTEVEZ, HIRAN MAZAIRA,
and KITCHEN CABINETS AND BATH
FOR LESS, INC., a Florida corporation,

    Defendants.
_____/

## AMENDED COMPLAINT

NOW COMES Plaintiff, E&Y ASSETS LLC, by and through its undersigned counsel, who sues Defendants, SILA ESTEVEZ, HIRAN MAZAIRA, and KITCHEN CABINETS AND BATH FOR LESS, INC., a Florida Corporation, and states:

1) This is an action for damages which exceed $15,000.

2) Defendant KITCHEN CABINETS AND BATH FOR LESS, INC., (hereinafter "KCBFL") is a Florida corporation, whose registered place of business is in Miami-Dade County, FL.

3) Defendant HIRAN MAZAIRA (hereinafter "MAZAIRA") is a resident of Miami-Dade County, over 18 years of age, and otherwise *sui juris*.

4) Defendant SILA ESTEVEZ (hereinafter "ESTEVEZ") is a resident of Miami-Dade County, over 18 years of age, and otherwise *sui juris*.

Page 1 of 9

EXHIBIT 1

5) ESTEVEZ is the registered agent and President, as sole officer, of KCBFL. KCBFL is operated by ESTEVEZ and MAZAIRA.

6) Venue is proper in Palm Beach County, FL as that is where the agreement was entered into, and where funds were originally taken by the Defendants giving rise to one of more of the causes of action stated herein.

## GENERAL ALLEGATIONS

7) Plaintiff is the owner of a single family residential property located at 4365 13th PL, Vero Beach, Florida (the "Property").

8) Plaintiff entered into an agreement with the Defendant, KCBFL, to perform construction on the Property in accordance with a Purchase Order Agreement and a schedule of work (together the "Agreement"), attached hereto as <u>Exhibit A</u>.

9) On July 29, 2015, Defendants MAZAIRA and ESTEVEZ met Plaintiff in Boca Raton, Florida where they were given the deposit for the Agreement in the amount of $20,569.00 in cash.

10) The Agreement specified a due date for completion of the construction as August 21, 2015.

11) In early August, 2015, Defendant MAZAIRA contacted the Plaintiff with a request for the Second Payment in the amount of $10,284.00, and claimed the requisite work was done. Relying on the representation, the Plaintiff wired $10,284.00 to Defendant ESTEVEZ's personal account at Bank of America on August 7, 2015 as instructed by Defendant MAZAIRA.

12) On August 27, 2015, a representative from the building department of Indian River County, Florida visited the property, and cited the Plaintiff for demolition

and remodeling without Permit.  That same day, Indian River County issued a Stop Work Order on the Property.

13) While on site, the representative from the building department found two workers who were unsupervised by the Defendants.

14) Plaintiff has made numerous demands to complete the project, which have mostly gone unanswered.  When answers were received, they consisted of excuses and promises for the work to be completed.

15) No subsequent work was completed, and the Plaintiff terminated the contract for nonperformance on September 24, 2015.

16) Plaintiff has made demand for the return of the funds provided to the Defendants which have gone unanswered.

17) Plaintiff has had to hire counsel in this action and support its claims, and has agreed to pay a reasonable fee for such services.

## COUNT I:  BREACH OF CONTRACT

Plaintiff reaffirms and realleges the allegations contained in paragraphs 1 through 17 as if fully set forth herein.

18) The Agreement was entered into by the parties with the initial payment being given and received on July 29, 2015.

19) The Agreement provided the due date for completion of the work to be August 21, 2015.

20) Defendant, MAZAIRA, is the project coordinator listed on the Agreement.

21) The Agreement identifies the Defendant, KCBFL, as a contractor.

22) Defendant KCBFL breached the Agreement by failing to complete the contracted work by August 21, 2015.

23) Defendant KCBFL further breached the Agreement by failing or refusing to complete the work beyond the August 21, 2015 date.

24) The Agreement provides the work shall be overseen by a "Quality Control Team". No such team oversaw the quality control of this project evidenced by the unlicensed and subpar work done on the Property.

25) A portion of the work done on the Property was subpar and not satisfactorily done, and required subsequent repair and removal which caused additional expense and damages to the Plaintiff.

26) The Defendant KCBFL failed to apply for the proper permits for the work done, and failed to disclose to the Plaintiff that permits would be required for the scope of work, and caused the Plaintiff to suffer various violations and penalties associated with the same with Indian River County.

27) Defendant MAZAIRA and KCBFL committed negligence, malfeasance, and/or misfeasance in its breach of the Agreement.

28) Defendant MAZAIRA and KCBFL did not possess a general contractor's license as required by Florida law, or other licenses as required in the municipality or county of the Property.

29) Pursuant to Florida Statute § 768.0425, Plaintiff is entitled to three times the actual damages sustained in addition to costs and attorney fees.

WHEREFORE, Plaintiff demands judgment against the Defendants MAZAIRA

and KCBFL for compensatory damages, treble damages, costs, attorney fees, and such other relief as the courts deem just and proper.

## COUNT II: FRAUD

Plaintiff reaffirms and realleges the allegations contained in paragraphs 1 through 17 as if fully set forth herein.

30) Defendants MAZAIRA represented himself to the Plaintiff as a contractor who was operating his business, KCBFL, to the standards of a contractor in the State of Florida.

31) Defendant MAZAIRA presented Plaintiff with the Agreement to complete the work on the Property for the price specified in the Agreement. Defendant MAZAIRA requested the first payment to be paid in cash.

32) Plaintiff paid the first payment to initiate the contract in cash to Defendants MAZAIRA and ESTEVEZ in Boca Raton, Florida on July 29, 2015 in the amount of $20,569.00.

33) Defendants began work on the Property after the first payment was made, and shortly thereafter claimed the requisite work was done to justify the second payment, and requested the second payment from the Plaintiff.

34) Plaintiff, in reliance on the representations by the Defendant MAZAIRA and claims the work under the initial and second phase was complete, sent $10,284.00 as requested. Defendant MAZAIRA requested the payment be made directly to the account of ESTEVEZ, which payment was made on August 7, 2015.

35) Plaintiff has since learned the photographs and claims by MAZAIRA

regarding work being done were deceitful and misleading, and did not accurately represent the truth of the work done.

36) Defendants all knew the representations of licensure and work being completed were untrue, or they had the intention not to perform on the promises made, to induce the Plaintiff to make payments to the Defendants.

37) Plaintiff relied on the representations made by the Defendants, and suffered damages as a result of such reliance.

WHEREFORE, Plaintiff requests judgment against the Defendants KCBFL, MAZAIRA, and ESTEVEZ in fraud for damages, punitive damages, attorneys fees and costs, and such other relief the court deems proper, or in the alternative that the Agreement be canceled, that the consideration paid by the Plaintiff to the Defendants be returned to the Plaintiff, damages, punitive damages, costs of this suit, attorney fees, and any other relief the court deems proper.

## COUNT III:  Unjust Enrichment

Plaintiff reaffirms and realleges the allegations contained in paragraphs 1 through 17 as if fully set forth herein.

38) Plaintiff entered into an Agreement with the Defendant KCBFL.

39) Defendants MAZAIRA and ESTEVEZ received the initial payment in cash under the Agreement in Boca Raton, Florida on July 29, 2015 in the amount of $20,569.00.

40) Defendant MAZAIRA further instructed Plaintiff to deposit the second payment in the amount of $10,284.00 to the personal account of Defendant ESTEVEZ, which it did on August 7, 2015.

41) Defendants have accepted the monied from the Plaintiff knowing it was meant in exchange for the work and materials promised in the Agreement.

42) Defendants have failed to perform under the Agreement, and refuse to do so, causing the Plaintiff to bring this present action.

43) Further, while Defendant KCBFL has performed some work on the Property, the work was substandard, resulted in fines and violations, has subjected the Property to theft, and has caused damage to the Property.

44) It would be inequitable to allow the Defendants to retain the funds received from the Plaintiff.

## COUNT IV: Civil Theft

45) Plaintiff hereby re-alleges and incorporate paragraphs 1 through 17, as if fully set forth herein.

46) Defendants have, without instruction or permission, obtained funds from the Plaintiff in the amount of $20,569.00 and $10,284.00, totaling $30,853.00.

47) Defendant knowingly obtained and used money of the Plaintiff with the intent to either permanently deprive the Plaintiff of the money, and to appropriate the money to the Defendant's own use, without providing the benefit to the Plaintiff.

48) Defendant's MAZAIRA and ESTEVEZ scheme was to lure the Plaintiff to submit these funds to their own benefit, which appears to be a common scheme of these Defendants.

49) As a result, Plaintiff has been injured because of the violation of Florida Statute § 812.014(1), and has lost $30,853.00 plus interest from the date the money was taken.

50) Plaintiff has made written demand in accordance with Florida Statutes. Over 30 days have passed but Plaintiff has received no response or return of the funds. A copy of the Civil Theft Notice Letter is attached as Exhibit B.

51) Plaintiff has retained and is obligated to pay the undersigned attorney for its services in this matter.

WHEREFORE, Plaintiff demands judgment for treble damages and attorneys fees and costs against the Defendant.

WHEREFORE, Plaintiff requests judgment for the Plaintiff against the Defendants KCBFL, MAZAIRA, and ESTEVEZ for the monies recieved by them from the Plaintiff, punitive damages, pre and post judgment interest, costs, and such further relief as the court deems just and equitable.

A TRUE COPY of the foregoing was mailed to those listed on the attached Service List this 20th day of November, 2015.

ZARETSKY LAW GROUP
1615 Forum Place, Suite 3-A
West Palm Beach, FL 33401
Telephone: (561) 689-6660
shetzel@zaretskylaw.com
mzaretsky@zaretskylaw.com

/s/ A. Max Zaretsky
A. MAX ZARETSKY, ESQ.
Florida Bar No: 102906

## SERVICE LIST

Sila Estevez
16501 NW 84th Court
Miami Lakes, FL 33014

Hiran Mazaira
16501 NW 84th Court
Miami Lakes, FL 33014

Kitchen Cabinets and Bath For Less, Inc.
Registered Agent, Sila Estevez
1405 West 3rd Avenue
Hialeah, FL 33010



# ZARETSKY LAW GROUP

*of Counsel:*
**MICHAEL A. LAMPERT, ESQ.**
*Board Certified Tax Lawyer*
*Also Admitted in Pennsylvania*
*and Washington D.C.*

**ESTHER A. ZARETSKY, ESQ.**
*Also Admitted in New York*

BARRISTER BUILDING
1615 FORUM PLACE, SUITE 3A
WEST PALM BEACH, FLORIDA 33401
TEL. (561) 689-6660
TEL. (772) 237-0010 *(Martin / St. Lucie Counties)*
FAX (561) 683-1559
WWW.ZARETSKYLAW.COM

**RICHARD P. ZARETSKY, ESQ.**
*Board Certified Real Estate Lawyer*
rpz@zaretskylaw.com

**A. MAX ZARETSKY, ESQ.**
mzaretsky@zaretskylaw.com

October 13, 2015

**Sent via Regular Mail**
**and Hand Delivery to:**

SILA ESTEVEZ
Kitchen Cabinets and Bath For Less, Inc.
53 W. 21st Street, #2
Hialeah, FL 33010

SILA ESTEVEZ
Kitchen Cabinets and Bath For Less, Inc.
16009 NW 82nd Place
Miami Lakes, FL 33016

SILA ESTEVEZ &
HIRAN MAZAIRA
16009 NW 82 Place
Miami Lakes, FL 33016

SILA ESTEVEZ &
HIRAN MAZAIRA
16501 NW Court
Miami Lakes, FL 33014

### CIVIL THEFT NOTICE & DEMAND

To Those Listed on this Notice:

**YOU ARE NOTIFIED** that you have taken $30,853.00 for the purpose of construction on 4365 13th Place, Vero Beach, FL, and have deprived our client, E&Y Assets LLC, of the right to the items described, and the benefits therefrom or appropriated the items to your own use or to the use of another who is not entitled thereto. Section 772.11 Florida Statutes permits our client to make claim against you for triple the amount of damages sustained because of the deprivation in the sum of $92,559.00.

FURTHER, our client is entitled to triple damages against you for violation of Florida Statutes § 768.0425 for contracting without the required license.

**THIS IS A DEMAND THAT YOU PAY THE SUM SPECIFIED WITHIN 30 DAYS OF RECEIPT OF THIS NOTICE. IF THE FUNDS ARE NOT RECEIVED IN FULL BY**



EXHIBIT B

THIS FIRM BY THAT TIME, ALL AVAILABLE LEGAL REMEDIES WILL BE PURSUED AGAINST YOU BY THIS FIRM ON BEHALF OF OUR CLIENT. PLEASE GOVERN YOURSELF ACCORDINGLY.

Sincerely,

**ZARETSKY LAW GROUP**

*signature*

A. Max Zaretsky

AMZ/smh

THIS CIVIL THEFT NOTICE & DEMAND WAS HAND DELIVERED UPON _Hiram / Silva_ on October _14_, 2015 by _Eli Hen_ .
_Mazariu/ Estevez_

_____
Signature