

ORDERED in the Southern District of Florida on November 9, 2016.

A. Jay Cristol, Judge
United States Bankruptcy Court

_____

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:

SILA M. ESTEVEZ,   Case No. 16-16003-BKC-AJC
                   Chapter 7

     Debtor.
_____/

### ORDER DENYING MOTION TO VACATE ORDER AND AMENDED ORDER [ECF#40] EXTENDING TIME TO FILE SECTIONS 523 AND 727 COMPLAINTS

THIS CAUSE came before the Court for hearing on October 18, 2016, upon Debtor's Motion [ECF#40] to Vacate Order [ECF#36] and Amended Order [ECF#38] Granting Agreed Motion to Extend Time to File Section 523 Complaint Objecting to Dischargeability and Section 727 Complaint Objecting to Discharge of Debtor, E&Y Assets, LLC's ("Creditor") Response thereto [ECF#68], and the Third Motion for extension of the Section 727 deadline [ECF#53].

The Court having considered Debtor's Motion to Vacate, the Creditor's Response, and the proffers and representations of counsel, denies the Motion to Vacate based on the following.

1

**BACKGROUND**

On April 26, 2016, the Debtor filed a petition for relief under Chapter 7. title 11, United States Code (the "Bankruptcy Code").  August 1, 2016 was the deadline set for the filing of complaints objecting to dischargeability under Section 523 and to discharge under Section 727 of the Bankruptcy Code. On August 1, 2016, the Creditor timely filed its First Motion to extend the deadlines to file said objections for thirty (30) days until August 31, 2016. The Order granting said extension was entered on August 11, 2016 and stated simply that the deadlines were extended 30 days.

On August 1, 2016, the Trustee similarly filed an Agreed Motion to extend deadlines for thirty (30) days until August 31, 2016 and the Order granting said extension was entered on August 3, 2016. The Trustee did not obtain a further extension.

On September 9, 2016, the Creditor and Debtor agreed to extend deadlines for an additional thirty (30) days. Debtor's "Exhibit C."  The Agreed Motion [ECF#35] was thereafter filed seeking to extend deadlines "for thirty (30) days, or until October 10, 2016" – 30 days after the parties' agreement.  The Debtor asserts she intended thirty days to run from August 31, 2016 to September 30, 2016 – not to October 10, 2016.

On September 30, 2016, the Debtor filed the Motion to Vacate. On October 10, 2016, the Creditor filed an adversary proceeding under Section 523(a)(2) and a Third Motion to extend the Section 727 deadline.

The Debtor seeks to vacate the Order and Amended Order granting the extension because the Orders do not reflect the Debtor's agreement.  The Debtor asserts she only agreed to extend the deadlines through September 30, 2016.  More importantly, the Debtor further argues that, notwithstanding any agreement, the Creditor had not diligently preserved its 523 and 727 causes of action because the strict deadlines to extend had already passed before the Second Motion to

2

Extend was filed on September 9, 2016. Because the latter issue is a threshold issue, the Court will consider that argument first.

## CONCLUSIONS OF LAW

### I. Deadline to File Section 523 and 727 Complaints and Request for Extensions

The deadline to file Section 727 complaints objecting to a debtor's discharge is set out in Fed. R. Bankr. P. 4004(a):

> In a chapter 7 case, a complaint, or a motion under § 727(a)(8) or (a)(9) of the Code, objecting to the debtor's discharge shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a).

Fed. R. Bankr. P. 4004(b)(1) further states:

> On motion of any party in interest, after notice and hearing, the court may for cause extend the time to object to discharge. Except as provided in subdivision (b)(2), the motion *shall be filed before the time has expired*.

Fed. R. Bankr. P. 4004(b)(1) (emphasis added).

Similarly, Fed. R. Bankr. P. 4007(c) provides for extensions to file Section 523 complaints to determine whether certain debts are nondischargeable:

> Except as otherwise provided in subdivision (d), a complaint to determine the dischargeability of a debt under §523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under §341(a). [ ] On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion *shall be filed before the time has expired*.

Fed. R. Bankr. P. 4007(c) (emphasis added).

Fed. R. Bankr. P. 9006(a)(1) states how to count time in days:

> When the period is stated in days or a longer unit of time: (A) exclude the day of the event that triggers the period; (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

## II. Deadlines Expired Prior to Filing of Second Motion to Extend

The First Motion to Extend was filed on August 1, 2016 and specifically requested an extension to August 31, 2016. An Order was entered granting an extension but no date was specifically stated in the Order as the deadline. Upon review of the record, including the First Motion upon which the Order is based, the Court interprets its Order to grant Creditor an extension through August 31, 2016. The extended deadline properly excludes the triggering event of August 1, 2016 and counts thirty (30) days from August 2, 2016 to August 31, 2016. Similarly, the Trustee extended the deadline to file an objection to discharge from August 1, 2016 to August 31, 2016.

In *Stuart v. Mendenhall (In re Mendenhall)*, 572 Fed. Appx. 858, 861 (11th Cir. Ala. 2014), the Eleventh Circuit analyzed the method for calculating extensions of time to file non-dischargeability actions. In that case, the creditor requested and obtained an Order granting a "60-day extension" but did not clarify whether the extension ran from the original deadline, January 15, or from the latter date of the entry of the order, January 22. Under the impression that the court intended the latter date, creditor's counsel filed an adversary complaint under Section 523(a) on March 21, 2013. The *Mendenhall* court held that a creditor's complaint was untimely filed because the court determined that the extension for the filing of the complaint was intended to run from the date of the original deadline despite any lack of clarity in the order granting the extension. *Id*. The lower tribunal in *Mendenhall* acknowledged the "poor draftsmanship" in the order, but still stated that "if the creditor believed that there was an ambiguity [in the extension order] it was incumbent upon the creditor to seek clarification." *(In re Mendenhall)*, 2013 Bankr. LEXIS 3069 (Bankr. N.D. Ala. July 31, 2013).

In this case, even though the Order submitted for entry, and entered by the Court, did not state the specific deadline in the first Order [ECF#31] extending deadlines, the Order grants the

4

First Motion which specifically requested an extension for "30 days, *or until August 31, 2016*." [ECF#25] (emphasis added). The extension deadline was stated unmistakably in the Motion and the Creditor received an extension until August 31, 2016. Furthermore, the Trustee's request is also relevant here as the Trustee requested a similar extension of thirty days that ended on August 31, 2016, notwithstanding the date of entry of the order granting the motion.

The Creditor's Second Motion to Extend Deadlines [ECF#35] filed on September 9, 2016, ostensibly by agreement, was filed after the deadlines had already expired on August 31, 2016.

### III.  Agreement to Extend Deadline After Expiration is Waiver of Right to Object to Extension

The Debtor asserts the Court has no discretion to extend the deadlines for filing complaints if such deadlines have already expired, presumably even if the Debtor agrees to an extension, as the Debtor did here. At the hearing, the Creditor relied upon *Yip v. Soler (In re Soler)*, 490 B.R. 629 (Bankr. S.D. Fla. 2013) to support her position that a bankruptcy court does have discretion to extend a court-ordered deadline where the failure to timely file was a result of excusable neglect.

The Court does not reach the issue of whether it has the discretion to extend deadlines as a result of excusable neglect following the expiration of deadlines because the parties herein had agreed to an extension after the deadlines had expired. The Court believes it is within its authority to grant an extension of the complaint-filing deadlines where the parties agree. The subject deadlines prescribed in Rules 4004 and 9006 are not jurisdictional in nature; they are "claims processing" rules that do not delineate what case bankruptcy courts are competent to adjudicate. *Kontrick v. Ryan*, 540 U.S. 443, 447, 124 S.Ct. 906, 910 (2004). Therefore, the Debtor may waive such right to enforce the deadlines. Indeed, the parties' agreement to extend after the expiration of the deadlines is deemed a waiver of the right to enforce the expired

5

deadlines. *Id*. Although the Eleventh Circuit Court of Appeals does not allow for equitable exceptions to the time period contained in Rule 4004(b), *see Mendenhall*, 572 Fed.Appx. at 862, the Supreme Court has ruled that waiver and forfeiture are still alive. *Kontrick*, 540 U.S. at 457, 124 S.Ct. at 917. In *Kontrick*, a creditor filed an untimely complaint objecting to the debtor's discharge. The debtor did not object on timeliness grounds until after the court reached a decision on the merits, in favor of the creditor. *Id*. The Supreme Court held that Rules 4004(a), (b) and 9006(b)(3) were claims processing rules that can "be forfeited if the party asserting the rule waits too long to raise the point." In this case, the Debtor admits to having agreed to the extension. The Court believes that ends the inquiry – the Debtor waived her right to object to the extension granted by agreement after the prior deadlines expired.

The fact that the parties disagree as to the amount of time they agreed to extend the deadline is a different issue. While the Debtor agreed to extend the deadlines to September 30, 2016, the Creditor believed the agreement was through October 10, 2016, as stated in its Second Motion. The Debtor was provided notice of the Second Motion and the Order but did not timely seek reconsideration. The Creditor proceeded under the Order granting the Second Motion, relying on the October 10, 2016 deadline when the Motion to Vacate was filed. Under the circumstances, it appears the Debtor is seeking reconsideration of the Order. However, she waited more than 14 days before doing so and the Order became final and the Creditor relied on that final Order. To vacate the Order now would prejudice the Creditor. Thus, for the foregoing reasons, it is –

**ORDERED AND ADJUDGED** that the Motion to Vacate the Orders is DENIED; and, Creditor E&Y Assets, LLC's Third Motion for extension of 727 deadlines is GRANTED, and the Section 727 deadline is extended to December 9, 2016.

###

Copies furnished to:

Jose A. Blanco, Esq.
Counsel for Debtor, Sila Estevez
Robert Sanchez, P.A.
355 W 49 Street,
Hialeah, FL 33012
FBN: 0062449

[Attorney Blanco is hereby directed to serve a copy of this Order upon all parties in interest and to file a certificate of service of same.]